**CHAI DUAN LI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General of The United States,[1] Respondent.**

**No. 05–6049–ag.**

United States Court of Appeals, Second Circuit.

Nov. 16, 2007.

Frank R. Liu, New York, NY, for Petitioner.

Jane B. Wolfe, Assistant United States Attorney for Terrance P. Flynn, United States Attorney for the Western District of New York, Buffalo, NY, for Respondent.

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES and CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Petitioner Chai Duan Li, a citizen of the People's Republic of China, seeks review of an October 14, 2005 order of the BIA affirming, without opinion, a decision of Immigration Judge ("IJ") Annette S. Elstein denying Li's application for asylum and withholding of removal. *In re Chai Duan[ ] Li,* No. A 79 682 703 (B.I.A. Oct. 14, 2005), affirming No. A 79 682 703 (Immig. Ct. N.Y. City, Apr. 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"Where ... the BIA affirms the result below without opinion, we review the IJ's decision directly." *Twum v. I.N.S.,* 411 F.3d 54, 58 (2d Cir.2005). We review an IJ's factual findings, including an adverse credibility determination, under the substantial evidence standard, treating these as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B);

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for- mer Attorney General Alberto R. Gonzales as the Respondent in this case.

*see also Manzur v. U.S. Dept. of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). "An IJ's factual finding will be affirmed if it is supported by evidence that is reasonable, substantial, and probative when considered in light of the record as a whole." *Manzur,* 494 F.3d at 289 (internal quotation marks omitted).

In support of his application, Li testified that Chinese authorities had persecuted him on the basis of his practice of Christianity. Li also testified that if he was returned to China, the authorities there would persecute him and prevent him from practicing Christianity. The IJ declined to credit Li's testimony based on Li's inability to provide details about his practice of Christianity in China and the United States, and his arrest and detention in China, as well as because Li's testimony was inconsistent in certain respects. For example, Li was unable to answer questions about the person who baptized him, the individuals who led the prayer meetings he attended in China, or the practices at the Church he attends in the United States.

In light of Li's inability to provide details about his personal experiences with Christianity, the IJ was not incorrect to determine that Li lacked credibility.[2] *See, e.g., Cheng Tong Wang v. Gonzales,* 449 F.3d 451, 453 (2d Cir.2006) ("This Court has repeatedly held that omissions that go to a heart of an applicant's claim can form the basis for an adverse credibility determination."). Because the only evidence Li offered in support of his application was his own testimony, we agree with the IJ and the BIA that Li failed to establish eligibility for asylum or withholding of removal.

For the foregoing reasons, Chai Duan Li's petition for review is DENIED. As we have completed our review, Li's pending motion for a stay of removal is DISMISSED as moot.

---

**2.** The IJ was, however, incorrect to advert to Li's inability to answer questions about Christian doctrine. *Cf. Rizal v. Gonzales,* 442 F.3d 84, 90–91 (2d Cir.2006) (finding that a petitioner's basic statements about his religious beliefs and practices would, if credible, "be sufficient to establish his identity as a Christian, regardless of whether he could pass the doctrinal quiz posed to him by the government and the IJ" where the petitioner had "never claimed … to be an expert in Christian doctrine or even to have a deep understanding of Christianity"). However, as we have previously observed:

Even if an IJ's decision contains errors, we may nonetheless deny the petition on the basis that remand is
> futile if (1) substantial evidence in the record relied on by the IJ, considered in the aggregate, supports the IJ's finding that petitioner lacked credibility, and (2) disregarding those aspects of the IJ's reasoning that are tainted by error, we can state with confidence that the IJ would adhere to his decision were the petition remanded.

*Lin v. Gonzales,* 446 F.3d 395, 401 (2d Cir. 2006).